UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR420-025 |
| | ) | |
| v. | ) | |
| | ) | |
| DEAN EMERSON FLAKE | ) | |

## CONSENT ORDER OF FORFEITURE

WHEREAS, on March 5, 2020, a Grand Jury sitting in the Southern District of Georgia charged Defendant Dean Emerson Flake (hereinafter, the "Defendant") in a six-count indictment charging violations of 18 U.S.C. § 1344 (Counts One Through Five – Bank Fraud), and 18 U.S.C. § 1028(A) (Count Six – Aggravated Identity Theft);

WHEREAS, the Indictment sought forfeiture pursuant 18 U.S.C. § 982(a)(2), of any property constituting, or derived from the proceeds obtained directly or indirectly as a result of the charged offense; ,

WHEREAS, on May 26, 2020, pursuant to a written plea agreement, Defendant pled guilty to Count One of the Indictment charging a violation of 8 U.S.C. § 1344 Bank Fraud;

WHEREAS, pursuant to his plea agreement, Defendant agreed to forfeit to the United States all right, title and interest in property constituting or derived from proceeds obtained directly or indirectly as a result of the commission of the offense charged in Count One, more specifically, $975,138.79 seized from Wells Fargo account ending in 0895 (hereinafter, the "Subject Property"); and

WHEREAS, pursuant to his plea agreement, Defendant agreed to waive the requirements of Fed. R. Crim. P. 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant 18 U.S.C. § 982(a)(1), 28 U.S.C. § 2461(c), and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, the Government has established the requisite nexus between the following property.

2. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets.

3. Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

4. Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject

Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c).

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

6. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought.

7. If a petition is filed by a third party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Date: 5/26/20

_____
WILLIAM T. MOORE, JR, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

WE ASK FOR THIS:

_____
Xavier A. Cunningham
Assistant United States Attorney
New York Bar No. 5269477
P.O. Box 8970
Savannah, Georgia 31412
(912) 652-4422

_____
Dean Emerson Flake
Defendant

_____
Daniel B. Snipes
Attorney for Defendant

Date: 5/26/2020

Date: 5-26-2020